HENDRY, Judge.
Appellant was charged in a two count information with manslaughter. The first count charged her with culpable negligence in violation of § 782.07 Fla.Stat., F.S.A. Count two charged her with operating a motor vehicle while intoxicated resulting in death in violation of § 860.01 Fla.Stat., F.S.A.
In a non-jury trial, appellant was found guilty of culpable negligence in violation of § 782.07 Fla.Stat., F.S.A. The court granted appellant’s motion for judgment of acquittal, as to count two.
Several witnesses testified that the car driven by the appellant traveled at a rapid rate of speed, was swerving, and eventually swerved sharply into a group of persons sitting on the grass, striking one person who later died. Appellant testified that the passenger grabbed the steering wheel, causing her to lose control of the car.
At issue is the admissibility of a blood test for alcohol. Appellant contends that a blood test which is taken in furtherance of an accident investigation is not admissible in a subsequent criminal trial, under the accident report privilege of § 317.171, Fla.Stat., F.S.A.
A detective of the Dade County Public Safety Department secured the blood test from the appellant with her consent at Jackson Memorial Hospital, but no warnings were given as to her rights in case of criminal charges. There was no intimation that she would be charged with manslaughter. The reading from the test showed an alcoholic content of .23% and the detective testified she was under the influence of alcohol.
At the outset we must consider whether the point on appeal is properly before us. Defense counsel objected vigorously to the introduction of the blood test results, but on grounds different from those now on appeal. Defense counsel did assert:
“I object to the reading and admissibility of the blood contents for the express reason [that] the implied consent law was a specific law for surrender of your *16 driver’s license and in the absence of any kind of warning to this defendant that this could be used against her in any other type of case other than that. There was no warning given. The officer was in charge of giving a blood test. The purpose of the test was specifically to get evidence against her and she- was not warned or told of that.”
We believe that such objection when read in context was sufficiently broad to include an objection based upon the accident report privilege.
We note that defendant made no showing whatsoever that any information obtained was used in the accident report. Moreover, there was such an overwhelming amount of sufficient competent evidence to sustain the finding of the judge, sitting as the finder of the facts, that the error, if any, was “harmless.” See generally: State v. Coffey, Fla.1968, 212 So.2d 632; § 59.041, Fla.Stat., F.S.A.; but cf. Shores v. State, Fla.App.1970, 233 So.2d 434.
For the foregoing reasons, the judgment and sentence appealed from are affirmed.
Affirmed.