PER CURIAM.
This is an appeal by plaintiff from an order compelling arbitration and dismissing the amended complaint, without prejudice. The suit was for the recovery of damages for the wrongful death of plaintiff’s decedent brought against an uninsured motorist and plaintiff’s insurance carrier under the uninsured motorist provisions of plaintiff’s policy. Plaintiff alleged that demand was made upon the defendant insurance company to determine and pay the damages resulting from the negligence of the uninsured motorist and that the company had refused.
The related case dealing with the criminal prosecution of one of the defendants here was before this court in McKissack v. State, Fla.App.1971, 243 So.2d 14.
The defendant insurance company moved to dismiss, or to compel arbitration pursuant to a provision of the insurance policy. The court ordered arbitration and also dismissed the complaint, without prejudice. Plaintiff petitioned for rehearing and it was denied. It is from these orders that plaintiff has appealed.
Appellant contends that the trial court erred in the entry of the orders appealed because it was made to appear in the complaint that the defendant insurance company had denied coverage, thus waiving its right to arbitrate.
Appellee argues that the insurance company’s denial of coverage i;was not before the trial court since it was not sufficiently alleged. We can not agree with this contention.
*329 We find that it was made to appear in the trial that there had been a denial of coverage by the insurance company which was sufficient to waive its right to arbitration.[1]
In American Southern Insurance Company v. Daniel, Fla.App.1967, 198 So.2d 850, at 853, the court said:
“ . . . [I]n this case, the appellant denied coverage by letter and the appel-lee was thereby forced to resort to court action .... it would appear to us that the letter of denial of coverage was sufficient to constitute a waiver of the insurance company’s right to arbitration,
Since we must reverse the orders appealed on the grounds stated above, we shall not discuss the other grounds presented by appellant for reversal. Namely, where the court compels arbitration the court action should be stayed and not dismissed, and that after suit has been filed an agreement to arbitrate cannot oust the court’s jurisdiction.
Reversed and remanded for further proceedings.

. The amended complaint alleged:
“4. That the decedent was nephew of one, VIRGIL POLLOCK, who resided at 4420 Northwest 22nd Court, Miami, Florida, and the decedent was a resident of the same household.
“5. That, on or about February 28, 1969, the Defendant, RESERVE INSURANCE COMPANY, issued a combination Automobile Policy to VIRGIL POLLOCK, bearing No. AC 707-303084, for the period February 21, 1969 to February 21, 1970, a copy of which policy is annexed to the original Complaint filed in this cause, and which policy is incorporated, hereto, by reference.
“6. That said policy contained an endorsement for Family Protection coverage which provided for uninsured motorist coverage; and the decedent, JOSEPH DANIELS, was an insured under the terms and conditions of said endorsement by reason of being a relative of, and resident of same household as the policy holder, VIRGIL POLLOCK.
“7. That the Plaintiff has made demand upon the Defendant, RESERVE INSURANCE COMPANY, to determine and pay the damages of the decedent to his estate, resulting from the accident hereinbefore referred to, to the extent and manner provided for in the policy, but the said Defendant has failed and refused so to do.
“8. That all conditions precedent have been performed or have occurred.”
We note that the motion for rehearing, to which was attached a copy of a letter from the insurance company which denied coverage because deceased was not a member of the household, alleged in the body of the motion that:
“1. The complaint, herein, was filed on April 7, 1971, to recover damages from the defendant, RESERVE INSURANCE COMPANY, on an insurance policy which provided for Uninsured Motorist Coverage under a Family Protection endorsement.
“2. The complaint (Para. 6) alleges that plaintiff’s decedent was an insured under the terms of the policy by reason of being a relative of, and resident of the same household as the policy holder. “3. The complaint alleges that as required by the policy a demand was made upon reserve for a determination of damages, (Endorsement-Insurance Agreement, paragraph I), and that RESERVE refused so to do.
“4. Prior to the filing of the complaint, herein, and by certified mail dated Nov. 2, 1970, RESERVE denied coverage, and rejected decedent’s claim. (A photocopy of said letter is attached, hereto.)
‘'5. As a result of said rejection, plaintiff was compelled to file this action. “6. RESERVE’S denial of coverage was a waiver of the right to thereafter demand arbitration.”