270 So.2d 469 (1972)
RESERVE INSURANCE COMPANY, an Illinois Corporation, et al., Appellants,
v.
Willie H. POLLOCK, As Administrator of the Estate of Joseph Daniels, Appellee.
No. 72-974.
District Court of Appeal of Florida, Third District.
December 15, 1972.
Cowart & Onett, Miami, for appellants.
Abraham H. Shukat, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
This is an interlocutory appeal taken by defendant-appellant, Reserve Insurance Company, to review an adverse partial summary judgment on liability granted by the lower court.
Plaintiff-appellee, Willie H. Pollock, is the administrator of the estate of Joseph Daniels who died as a result of a collision with an uninsured automobile. Seeking to collect damages under the uninsured motorist provision of his insurance policy, plaintiff filed a lawsuit against his insurance carrier, Reserve Insurance Company, and the uninsured motorist.
Defendant insurance company moved to dismiss plaintiff's complaint or to compel arbitration pursuant to the insurance policy. The court below then ordered arbitration and a dismissal of the complaint without prejudice. Plaintiff's petition for rehearing was denied and he took an appeal to this court. The subsequent opinion, Pollock v. Reserve Insurance Company, Fla. App. 1972, 258 So.2d 328, reversed the lower court and remanded the case for further proceedings on the basis that the insurance company waived its right to arbitration. Following compliance by the lower court with that opinion, plaintiff moved for a partial summary judgment as to the insurance company's liability. The motion was granted and this appeal ensued.
As a matter of law defendant insurance company admitted coverage under the policy by the filing of its application for arbitration. Volkswagen Insurance Company v. Taylor, Fla.App. 1967, 201 So.2d 624; Netherlands Insurance Company v. Moore, Fla.App. 1966, 190 So.2d 191. We hold that defendant-appellant admitted its liability under the policy when it moved for arbitration, and it is estopped from taking an inconsistent position on this subsequent appeal. Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544 (1933).
The judgment of the trial court should be affirmed, and it is so ordered.
Affirmed.