695 So.2d 475 (1997)
FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, and First American Title Company of Florida, Inc., a Florida corporation, Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellee.
No. 96-2490.
District Court of Appeal of Florida, Third District.
June 11, 1997.
Arnold R. Ginsberg, P.A., and Warren R. Tranzenfeld, P.A., and Todd R. Schwartz, Miami, for appellants.
Bush & Derr, P.A. and Jack T. Frost, Ft. Lauderdale, for appellee.
Before NESBITT, LEVY and GREEN, JJ.
*476 PER CURIAM.
First American Title Insurance Company ("First American") and First American Title Company of Florida ("FATCOF") appeal an adverse summary judgment entered in favor of National Union Fire Insurance Company of Pittsburgh ("National"), we affirm.
First American is the parent company of FATCOF. National insured FATCOF under a claims-made policy for professional liability insurance. During the policy period, First American notified FATCOF that it would seek indemnification for damages sustained as a result of three claims made against First American on title policies issued by FATCOF. FATCOF, in turn, timely notified its insurer, National, of the three claims. By letter, National denied the claims asserting a policy exclusion of coverage for claims between a parent company and its subsidiary. National's letter, however, went on to instruct FATCOF to notify National of any lawsuit filed so that it could re-evaluate its position and determine whether it owed a duty of defense based upon the allegations of the complaint.[1]
First American ultimately brought suit against FATCOF. The parties eventually agreed to the entry of a consent judgment against FATCOF. FATCOF did not notify National of this lawsuit or seek its permission to enter into the consent judgment.
Subsequently, First American and FATCOF filed this action for breach of contract and other damages when National refused to pay the consent judgment. National moved for final summary judgment and argued that FATCOF's failure to notify it of the lawsuit filed by First American was a breach of the policy's cooperation clause which relieved National of any obligations under the policy. Specifically, National's policy contained a cooperation clause which required FATCOF to "not admit liability for or settle a claim ... without the written consent of the [insurer]." The policy also contained the following "no action provision" against the insurer:
No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial and appeal or by written agreement of the Insured and the claimant subject to the prior written consent of the Company.
The trial court granted National's motion for summary judgment and this appeal followed.
Citing to Nu-Air Mfg. Co. v. Hall & Co., 822 F.2d 987 (11th Cir.1987), cert. denied, 485 U.S. 976, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988); Shook v. Allstate Ins. Co., 498 So.2d 498 (Fla. 4th DCA 1986), rev. denied, 508 So.2d 13 (Fla.1987); Steil v. Florida Physicians' Ins. Reciprocal, 448 So.2d 589 (Fla. 2d DCA 1984); Infante, Etc. v. Preferred Risk Mutual Ins. Co., 364 So.2d 874 (Fla. 3d DCA 1978); and Pollock v. Reserve Ins. Co., 258 So.2d 328 (Fla. 3d DCA 1972), the appellants contend that they were relieved of their obligation of cooperation under the policy provisions when National initially denied coverage for the three claims. We disagree.
We note initially under Florida law that an insurer's duty to defend is separate and distinct from its duty to indemnify, and is more extensive. See Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611, 612-13 (Fla. 4th DCA 1982). The duty to defend is determined solely by the allegations of the complaint. See National Union Fire Ins. Co., v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla. 1977). Thus, an insurer is obligated to defend a claim even if it is uncertain whether coverage exists under the policy. Under *477 these circumstances, an insurer may provide a defense under a reservations of rights. An insurer does not breach its duty to defend an insured when it provides a defense under a reservation of rights. See Giffen Roofing Co., Inc. v. DHS Developers, Inc., 442 So.2d 396, 396-97 (Fla. 5th DCA 1983). Where, however, an insurer denies a claim and refuses to defend, the insured can take whatever steps are necessary to protect itself from a claim. See Hagen v. Aetna Cas. and Sur. Co., 675 So.2d 963 (Fla. 5th DCA), review denied, 683 So.2d 483 (Fla.1996).
The cases relied upon by appellants are distinguishable from this case, in that they either involve first party claims for coverage or situations where the insurer has denied the claim and refused to provide a defense. Nu-Air Manufacturing Co., 822 F.2d at 993 (insurer's unconditional denial of first party claim waived all policy provisions requirements of notice, proof of loss, and payment of premiums); Shook, 498 So.2d at 500 (where insurer refused to defend, insured able to settle in contravention of no action clause); Steil, 448 So.2d at 591 (insured able to enter into consent judgment where insurer denied claim and refused to defend); Infante, 364 So.2d at 875 (insurer cannot rely on policy provision prohibiting settlement when it denies first party uninsured motorist benefits to its insured); Pollock, 258 So.2d at 329 (UM insurer's denial of coverage to first party insured waived its right to compel arbitration).
Thus, while an insured is free to enter into a reasonable settlement when its insurer has wrongfully refused to provide it with a defense to a suit, we find that the insured is not similarly free to independently engage in such settlements where, as here, the insurer had not declined a defense to suit. Consequently, we agree with the trial court that the insured's failure to comply with the relevant policy provisions relieved the insurer of its obligations under the policy and precluded this action against the carrier as a matter of law.
Affirmed.
NOTES
[1] Specifically, the letter provided:

Should you possess information relevant to National Union's conclusion that coverage does not exist for this claim, please provide that information to the undersigned so that National Union can re-evaluate its coverage position in light of that information, if necessary. Additionally, National Union requests that First American Title Company of Florida notify National Union if First American Title Insurance Company at any time files suit against First American Title Company of Florida with respect to these claims. If such an event occurs, then National Union will want to review the allegations of the complaint and compare them with the coverage afforded by National Union Policy No. MPL XXX-XX-XX.