733 So.2d 588 (1999)
EMPLOYERS REINSURANCE CORPORATION, Appellant,
v.
AMPHION HOLDINGS INC., as assignee of Skandia U.S. Insurance Company, & Force Financial Insurance Agency, Appellees.
No. 98-321.
District Court of Appeal of Florida, Third District.
June 2, 1999.
Rehearing Denied July 7, 1999.
Dickstein, Reynolds & Woods and Steven R. Woods, W. Palm Beach; Russo, Wells & Associates and Elizabeth Russo and Kimberly L. Boldt, Miami, for appellant.
David L. Deehl, Miami, and Michele K. Feinzig, Plantation, for appellees.
Before NESBITT, JORGENSON, and LEVY, JJ.
NESBITT, J.
The instant action initially arose from an automobile accident where the alleged negligence of driver Kimberly Manni, Skandia U.S. Insurance Company's insured, caused serious injuries to a passenger in one of the other vehicles, Arthur Stallings. Stallings made a demand for the policy limits[1] contending that Manni was responsible for his injuries. Pursuant to an agency/management contract, Force Financial Insurance Agency processed and handled Stallings' claim on Skandia U.S.'s behalf. Force Financial tendered the policy limits to Stallings; however, the tender occurred after the twenty-day period Stallings' demand letter had set for acceptance of the demand. Stallings rejected the late tender and brought suit against Manni.
*589 At that point, Skandia U.S. took over the Stallings claim from Force Financial and settled with Stallings for $750,000. Skandia U.S. then informed Employers Reinsurance Corporation, Force Financial's insurer, that it intended to sue Force Financial over Force Financial's negligent handling of the Stallings claim. Employers declined to defend Force Financial, citing an exclusion clause in its policy. Skandia U.S. went forward with the suit against Force Financial. Later, Skandia U.S. and Force Financial reached an agreement to resolve this suit, whereby Force Financial agreed to a consent judgment against it in the amount of the Stallings' claim (approximately $750,000) and agreed to assign its claims under the Employers-Force Financial insurance policy to Skandia U.S., in exchange for Skandia U.S.'s agreement never to enforce the judgment against Force Financial. Thereafter, Skandia U.S. brought suit against Employers to obtain satisfaction of this judgment, alleging inter alia that Employers breached the Employers-Force Financial insurance contract. Employers asserted that it had no duty to defend, nor to indemnify, Force Financial under the policy, as an exclusion clause applied. Skandia U.S. moved for summary judgment, which was granted. We agree with the trial court's thorough and well-reasoned order granting summary judgment for Skandia U.S., and hereby affirm.
Employers argued that the following exclusion clause in its policy authorized its refusal to defend Force Financial in the suit by Skandia U.S.:
[T]his policy does not apply to ... any claim by an enterprise which one or more Insureds own, operate, control or manage, or any claim by an enterprise which owns, operates, controls or manages an Insured.
Relying on this language, Employers then asserted that Force Financial was "owned, operated, controlled and/or managed" by Skandia U.S. because Force Financial and Skandia U.S. share a common "parent" holding corporation, Skandia Group Insurance Company, Ltd., of Stockholm Sweden, and because Skandia U.S. "controlled" certain aspects of Force Financial's claims handling through its agency contract with Force Financial. We find this assertion to be without merit, and therefore agree with the trial court that Employers had a duty to defend and indemnify Force Financial.
We agree with the trial court that Skandia U.S. and Force Financial are wholly separate and distinct corporations. Merely sharing a far-removed, common "parent" holding corporation in Sweden, does not mean that Skandia U.S. "owned, operated, controlled or managed" Force Financial. We also agree that the settlement agreement between Skandia U.S. and Force Financial, and the consent judgment entered thereon, was a valid, reasonable, arms-length transaction. There was no evidence of collusion. The exclusion clause cited by Employers simply does not apply here.
Further, we agree with the trial court that the language in the Employers-Force Financial policy clearly establishes that Employers was required to defend Force Financial in just such a scenario as we have here, where Force Financial was sued for alleged negligent claims handling. The policy states:
COVERAGE: The Corporation [Employers] does hereby agree to pay on behalf of the Insured [Force Financial] such loss ... sustained by the Insured by reason of liability imposed by law for damages caused by ... any negligent act, error, or omission of the Insured... arising out of the conduct of the business of the Insured in rendering services for others as a general insurance agent, insurance agent, or insurance broker .... [or] arising out of the performance of professional services for others in the Insured's capacity as an insurance adjuster, insurance appraiser, or insurance investigator....
It is clear that the allegations by Skandia U.S. that Force Financial, while acting in *590 its capacity as Skandia U.S.'s agent, negligently handled the Stallings claim, brought this situation within the coverage of the Employers-Force Financial insurance policy. Thus, under Florida law, Employers had a duty to defend Force Financial, as Skandia U.S.'s complaint against Force Financial alleged facts showing at least one ground for liability. See National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977); First American Title Ins. Co. v. National Union Fire Ins. Co., 695 So.2d 475, 476 (Fla. 3d DCA 1997). Employers also had a duty to indemnify Force Financial if damages were assessed against it. See Morgan International Realty Inc. v. Dade Underwriters Ins. Agency, 617 So.2d 455, 458 (Fla. 3d DCA 1993).
Further, where the insurer refuses to defend, the insured "can take whatever steps are necessary to protect itself from a claim." First American, 695 So.2d at 477, citing Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963 (Fla. 5th DCA 1996). Therefore, Force Financial was wholly within its right to agree to a reasonable consent judgment here, the very amount Skandia U.S. paid to Stallings in its settlement with him.
We commend the detailed and thorough order of the trial court, which we hereby affirm.
NOTES
[1] The policy provided $10,000 in liability coverage per person and $20,000 per occurrence.