**PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania Insurance Company, Plaintiff,**

v.

**Margaret KOHNE, and Segun Amuchienwa, Defendants.**

**No. 6:02–CV–924–ORL–18KRS.**

United States District Court, M.D. Florida, Orlando Division.

Dec. 10, 2003.

Dennis R. O'Connor, Kieran F. O'Connor, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Orlando, FL, James E. Green, Jr., Mark E. Dreyer, Conner & Winters, Tulsa, OK, for plaintiff.

Mark D. Barth, McKeever, Albert & Barth, Orlando, FL, Gregory Stuart Stark, Joseph D. McKeever, McKeever, Albert & Barth, Winter Park, FL, for defendant.

Robert W. Mixson, Emmett Peyton Hodges, Cameron, Hodges, Coleman, LaPointe & Wright, P.A., Orlando, FL, Michael Picton Rudd, Michael P. Rudd & Associates, P.A., Miami, FL, for movant.

Gregory Stuart Stark, McKeever, Albert & Barth, Winter Park, FL, for counterclaimant.

Kieran F. O'Connor, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Orlando, FL, James E. Green, Jr., Mark E. Dreyer, Conner & Winters, Tulsa, OK, for counter-defendant.

## ORDER

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE comes before the Court upon: 1) Motion for partial summary judgment by Defendant Margaret Kohne ("Kohne") (Doc. 50, filed 4 June 2003) with accompanying memorandum of law (Doc. 51, filed 4 June 2003) on an action for declaratory judgment by Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") and on Count I of Kohne's counterclaims, to which Philadelphia has responded in opposition (Doc. 64, filed 8 July 2003), and filed a supplemental response (Doc. 98, 12 September 2003); 2) Motion for summary judgment by Philadelphia (Doc. 65, filed 8 July 2003) to which Kohne has responded in opposition (Doc. 72, filed 21 July 2003) and filed a supplemental response (Doc. 104, 25 September 2003); 3) Motion for partial summary judgment by Kohne (Doc. 105, filed 30 September 2003) with accompanying memorandum of law (Doc. 106, filed 30 September 2003) on Counts II and III of Kohne's counterclaims, to which Philadelphia has responded in opposition (Doc. 112, filed 21 October 2003).

### I. BACKGROUND

On 31 December 1999, Margaret Kohne ("Kohne") was struck by a rental vehicle operated by Segun Amuchienwa ("Amuchienwa"). Kohne sued Amuchienwa in Orange County Circuit Court, and they entered into a "Settlement Agreement and Stipulation" on 22 November 2001, which awarded $4,000,000 in damages to Kohne and assigned to Kohne all of Amuchienwa's

rights against Philadelphia Indemnity Insurance Company ("Philadelphia"), Amuchienwa's alleged insurer. After Kohne presented the judgment to Philadelphia for payment, Philadelphia filed the instant action for a declaratory judgment that it owes no duties to Amuchienwa or Kohne and that the settlement agreement is unenforceable against Philadelphia. Kohne filed counterclaims for breach of contract, fraudulent inducement, and negligent mispresentation.

Kohne contends Amuchienwa rented the vehicle from Budget Rent–A–Car ("Budget") and purchased a $1,000,000 supplemental liability insurance policy ("SLI policy") underwritten by Philadelphia. It is undisputed, however, that the rental/insurance contract bears the name and signature of Angela Panks. Amuchienwa explains that when his credit card was rejected, he used the credit card of his friend's mother, Angela Panks. Panks corroborates in her affidavit that she was not in Orlando at the time of the transaction. Although the contract contains neither Amuchienwa's name nor signature, its does contain his date of birth, address, and driver's license number. Furthermore, Budget included a surcharge for a driver under twenty-five, presumably for Amuchienwa, who was twenty-three at the time, while the other listed driver was twenty-five and Panks was fifty-five.

Following the accident, Budget and its insurer, Frontier Insurance Company, hired Claims America, Inc. ("CAI") to investigate Kohne's claim against Amuchienwa. Philadelphia states that it relied on this investigation. In February, CAI advised Philadelphia that Amuchienwa was not an authorized driver on the contract and that violation of the use restrictions "may void coverage for SLI." CAI also

suggested a reserve of $600,000 because Kohne remained in intensive care due to her leg injuries. In May, Philadelphia informed Amuchienwa that he was an unauthorized driver and was accordingly denied coverage under the SLI policy. Philadelphia had no further contact with Amuchienwa.

CAI informed Philadelphia in August that Kohne believed the SLI insurance coverage applied because Amuchienwa's driver's license number and birthdate were listed on the contract. On 2 May 2001 and 7 May 2001, Kohne sent letters to Philadelphia requesting information on the policy. In response to the first letter, Philadelphia informed Kohne it had denied coverage to Amuchienwa and that it would continue to deny claims brought by Kohne. The state court suit by Kohne against Amuchienwa followed in June 2001.

## II. DISCUSSION

### A. Summary Judgment

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c); *see e.g., Stachel v. City of Cape Canaveral,* 51 F.Supp.2d 1326, 1329 (M.D.Fla.1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. The moving party bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light

most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita Elec. Ind. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy its burden. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories or admissions that designate specific facts indicating there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

### B. Declaratory Judgment

Philadelphia maintains that even if Amuchienwa was an authorized driver under the SLI policy, it is entitled to a declaratory judgment that: 1) Philadelphia has no duties to Amuchienwa or Kohne relating to harm, injuries, or damages arising from the accident [1] and 2) the final judgment in the state case is not enforceable against Philadelphia. These issues are discussed in turn.

### 1. Philadelphia's Duties to Amuchienwa

Philadelphia argues that any duties it owes to Amuchienwa are excused by his breach of his duty of cooperation. Specifically, Philadelphia contends that Amuchienwa violated the contract by failing to provide Philadelphia with notice of the lawsuit and by entering into an unauthorized settlement with Kohne.[2]

In order for Amuchienwa's lack of cooperation to excuse Philadelphia from its obligations under the policy, Philadelphia must prove: 1) Amuchienwa failed to cooperate; 2) that the failure was material; 3) the failure caused Philadelphia substantial prejudice; and 4) Philadelphia exercised good faith and due diligence in bringing about cooperation. *Ramos v. Northwestern Mut. Ins. Co.*, 336 So.2d 71, 75 (Fla.1976); *American Fire & Cas. Co. v. Collura*, 163 So.2d 784, 788 (Fla.App. 1964). Philadelphia did not address this line of cases, instead relying on *First American*, in which a Florida appeals court affirmed the trial court's ruling that an insured's failure to notify the insurer of suit and the ensuing settlement relieved the insurer of its obligations under the policy and precluded an action by the insured for breach of contract for failure to pay a consent judgment. *See First American Title Ins. Co. v. National Union Fire Ins. Co.*, 695 So.2d 475, 477 (Fla. 3rd DCA 1997) (per curiam). Although *First Amer-*

---

1. In its Complaint, Philadelphia also asks the Court to find there is "no coverage under the SLI excess policy for Segun Amuchienwa." Because Philadelphia also states in its motion for summary judgment, however, that the issue of whether Amuchienwa is an insured (i.e., covered) does not have to be resolved to entitle it to summary judgment, the Court construes this request to be the same as the first, above.

2. "A. LOSS CONDITIONS
 1. Whenever it appears that an "accident" is likely to involve this policy, the "policyholder" and the "insured" shall give us written notice as soon as practicable to the following agent of the Company: Maguire Insurance Agency, One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004.
 Additionally, the "policyholder" and the "insured" must:
 a. Assume no obligation, make no payment and incur no expense without our consent, except at the "policyholder's" or "insured's" own cost.
 b. Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or suit.
 c. Cooperate with us in the investigation, settlement or defense of the claim or suit."

*ican* and the instant case both involve failure to notify of suit and the entry of a consent judgment, in *First American,* the court did not discuss the application of the criteria set forth in *Ramos.* For the sake of completeness, the Court will undertake this analysis before advancing to the conclusion that is otherwise directed by *First American.*

■ There can be no question that failing to notify Philadelphia of the suit and entering into an unauthorized settlement agreement constitutes a material failure to cooperate. "The question of whether the failure to cooperate is so substantially prejudicial as to release the insurance company of its obligation is ordinarily a question of fact, but under some circumstances, particularly where the facts are admitted, it may well be a question of law." *Ramos,* 336 So.2d at 75. It is undisputed that Philadelphia was not notified of the suit until after entry of the final judgment. "The purpose of the requirement of notice of suit and forwarding of suit papers is clear; it is to give an insurer an opportunity to evaluate its rights and liabilities." *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Harris,* 197 So.2d 567, 570 (Fla.App. 1967). The Court finds Philadelphia's resulting inability to defend its interests and the entry of a $4,000,000 consent judgment against its alleged insured to be substantially prejudicial. Finally, the Court finds that Philadelphia exercised good faith and due diligence in bringing about coopera-

tion. Philadelphia's lack of activity was commensurate with Amuchienwa's: when an insured does not notify its insurer of suit, idleness on the part of the insurer in later settlement negotiations is to be expected and constitutes all the diligence that is due.

■ Amuchienwa's breach of the cooperation clause is not excused by Philadelphia's initial denial of coverage. *See First American,* 695 So.2d at 477. It is true that when an insurer denies a claim *and* wrongfully refuses to defend the insured against suit, the insured may do what is necessary to protect himself, such as entering into a settlement agreement. In the instant case, however, the Court finds as a matter of law that Philadelphia did not refuse to defend. In cases in which the courts found a refusal to defend, the insured provided notice of suit or asked the insurer to defend, and the insurer then refused to defend, generally after the suit was filed. *Ahern v. Odyssey Re (London) Ltd.,* 788 So.2d 369, 371 (Fla. 4th DCA 2001); *Employers Reinsurance Corp. v. Amphion Holdings Inc.,* 733 So.2d 588, 589 (Fla. 3rd DCA 1999); *Shook v. Allstate Ins. Co.,* 498 So.2d 498, 498 (Fla. 4th DCA 1986); *Steil v. Florida Physicians' Ins. Reciprocal,* 448 So.2d 589, 590 (Fla. 2nd DCA 1984); *Cunningham v. Austin Ford, Inc.,* 189 So.2d 661, 666 (Fla.App.1966). In the instant case, Amuchienwa neither notified Philadelphia of Kohne's suit nor asked Philadelphia to defend.[3] Consequently,

3. Philadelphia had only one direct communication with Amuchienwa, in a letter dated 8 May, 2000, in which Philadelphia clearly denied coverage:

We ... have determined that no Supplemental Liability Insurance Coverage is available to you a result of this accident, as you are considered an unauthorized driver and not insured under the S.L.I. policy....

As an unauthorized driver, you are not covered under the SLI policy. As such SLI coverage will not be afforded. We suggest you contact your personal insurance carrier, or any other insurance carrier that might provide coverage for this loss. If you do not have excess coverage, you may wish to contact personal counsel, at you own expense, to insure your interests are pro-

Philadelphia did not have the opportunity to refuse to defend. Because Philadelphia only denied coverage, but did not refuse to defend, Amuchienwa's breach of the duty of cooperation remains unexcused.[4]

■ Finally, Kohne argues that under *ZC Ins. Co. v. Brooks* Philadelphia is "precluded as a matter of law from relying on any exclusions" in the policy, specifically the cooperation clause. (Doc. 72, at 7.) Kohne fails to appreciate that the cooperation clause is not an exclusion. It sets forth a duty. *ZC Insurance* and its precedent stand only for the principle that court may "create" insurance coverage to prevent the fraudulent operation of an exclusion; these cases do not address the circumstances by which a court may excuse contractual duties. *See ZC Ins. Co. v. Brooks*, 847 So.2d 547, 551 (Fla. 4th DCA 2003) (citing *Crown Life Ins. Co. v. McBride*, 517 So.2d 660, 662 (Fla.1987)).[5] The Court notes that Kohne inexplicably failed to plead and argue equitable estoppel, a theory that might properly have been used defensively to prevent forfeiture of insurance coverage arising from a breach of a contractual duty.[6] *See Crown Life Ins. Co.*, 517 So.2d at 661.

Accordingly, the Court finds Philadelphia is relieved of its duties to Amuchienwa and to Kohne by virtue of Amuchienwa's unexcused breach of the SLI policy's cooperation clause.

tected. We trust your understanding of the above stated position is clear. If you disagree with the position set forth above, or should have any questions, please feel free to contact the company appointed home claims office examiner....

Because Amuchienwa did not notify Philadelphia of suit or ask it to defend, this communication cannot be construed as a refusal to defend. *Cf. First American*, 695 So.2d at 477. The court found no refusal to defend where the insured was denied coverage but was also asked to contact the insurer in the event of the suit. This Court does not find, nor did the court in *First American* hold, that a denial of coverage must be accompanied by an invitation to comply with the contractual duty to notify of suit. In any event, Philadelphia invited Amuchienwa to disagree with the denial of coverage, which can not be construed as a refusal to defend future lawsuits.

4. The Court pauses to note that throughout her motion for partial summary judgment, Kohne confuses two different duties of notice: notice of loss and notice of suit. There is a line of cases holding that when an insured denies coverage it is estopped from claiming failure to provide notification of loss because such notification would at that point be futile. *See Nu–Air Mfg. Co. v. Frank B. Hall & Co. of New York*, 822 F.2d 987, 993 (11th Cir.1987); *Keel v. Independent Life & Acc. Ins. Co.*, 99 So.2d 225, 227 (Fla.1957). There is no similar line of cases regarding notice of suit, pre-sumably because notice of suit is not futile following a denial of coverage. Insurance companies may, and often do, defend under a reservation of rights after denying coverage. Notice of suit would be futile only if the insurer had also refused to defend. This rationale is consistent with the cases discussed above, which indicate that a court can only find a refusal to defend if there has been notice of suit.

5. Although the SLI policy excludes unauthorized drivers, Philadelphia is assuming for the purposes of this action that Amuchienwa was authorized, as noted above. Consequently, any question regarding the application of *ZC Insurance* to the instant case is moot.

6. Kohne attempted to state as an affirmative defense: "Plaintiff is estopped from contesting the value of Kohne's injuries because it wrongfully denied coverage and refused to defend and indemnify Amuchiewna." Doc. 7 ¶ 24. This affirmative defense is inapplicable because Philadelphia is not arguing the value of damages and, furthermore, denial of coverage is not misconduct that warrants estoppel. Kohne failed to plead or argue that Philadelphia should be estopped from claiming breach of the duty of cooperation on the grounds that Philadelphia admittedly failed to give Amuchienwa a copy of the policy, which sets forth the duty of cooperation.

### 2. Enforceability of the Final Judgment

Philadelphia argues that the state court final judgment is unenforceable against Philadelphia because the court lacked personal jurisdiction over Amuchienwa and because the agreement was collusive.

■ As to the first argument, the Court finds the judgment in the instant case was made with personal jurisdiction obtained by Amuchienwa's consent. "[A] person who executes a stipulation for settlement which is filed with and ratified by the trial court ... voluntarily submits himself to the jurisdiction of that court." *Woods v. Luby Chevrolet, Inc.,* 402 So.2d 1316, 1317 (Fla. 4th DCA 1981). Amuchienwa signed the Settlement Agreement and Stipulation, it was filed in the circuit court, and formed the basis for the final judgment.

■ It is well-settled in Florida that "[a]n indemnitor will be bound by a settlement agreement in a suit against the indemnitee if the indemnitor had notice of the suit and an opportunity to defend, and the settlement was not the product of fraud or collusion." *Ahern,* 788 So.2d at 372. Philadelphia received no notice of the suit until after the settlement and is thus not bound by the settlement agreement. *See Hull & Co., Inc. v. McGetrick,* 414 So.2d 243, 244–45 (Fla. 3rd DCA 1982). In so holding, the Court is not, as Kohne contends, voiding the final order entered by the state court.

### C. Kohne's Counterclaims

### 1. Breach of Contract

As discussed above, Kohne is precluded from bringing an action for breach of contract, due to Amuchienwa's material breach of the duty of cooperation. *See*

*First American,* 695 So.2d at 477. Philadelphia's motion for summary judgment on Kohne's breach of contract action is therefore granted.

### 2. Fraudulent Inducement

Philadelphia's motion for summary judgment does not address Kohne's fraudulent inducement claim, except to make a general demand for summary judgment on Kohne's counterclaims. Philadelphia has failed to meet its burden of demonstrating it is entitled to judgment as a matter of law on this claim, and its motion for summary judgment is accordingly denied. Kohne's motion for summary judgment is discussed below.

■ To hold Philadelphia liable for the actions of a Budget representative in allegedly fraudulently inducing Amuchienwa to enter into the rental contract, Philadelphia and Budget must have a principal-agent relationship. The elements of an actual agency relationship are: 1) acknowledgment by the principal that the agent will act for him or her; 2) the agent's acceptance of the undertaking; 3) control by the principal over the actions of the agent. Although Kohne has neglected to discuss these elements, the Court finds that the elements are fulfilled. Philadelphia admits that Budget "had the limited authority to enroll renters of its rental vehicles as insureds on Philadelphia Indemnity's SLI Excess Policy so long as such customers qualified as renters and were named on the rental agreement." (Doc. 112, Exhibit H at 7.) Acknowledgment that Budget would act for Philadelphia is evidenced by Budget's authorization to sell SLI policies. Budget's acceptance is evidenced by the fact it sold the policies. Finally, Philadelphia's control over Budget's actions is evi-

denced by the fact that Budget could only sell the SLI policies to qualifying renters.

 "[F]raud can be established only by clear and convincing evidence and ... every one of the elements making up fraud must be clearly proven." *Biscayne Boulevard Properties, Inc. v. Graham,* 65 So.2d 858, 859 (Fla.1953). "[S]ummary judgment is rarely proper as the issue so frequently turns on the axis of the circumstances surrounding the complete transaction, including circumstantial evidence of intent and knowledge." *Cohen v. Kravit Estate Buyers, Inc.,* 843 So.2d 989, 991 (Fla. 4th DCA 2003). The essential elements of a claim for fraudulent inducement are: 1) a misrepresentation of a material fact; 2) the maker of the misrepresentation knew or should have known of the statement's falsities; 3) intent by the maker of the statement that the representation induce another to rely and act on it; and 4) resulting injury to the party acting in justifiable reliance on the representation. *Palumbo v. Moore,* 777 So.2d 1177, 1179 (Fla. 5th DCA 2001).

At the very least, there is a factual question as to whether the Budget representative intended to induce reliance, and whether Amuchienwa justifiably relied on the representative's alleged misrepresentation that he was covered, given the fact his name appears nowhere on the contract and the contract bears Panks' signature. These factual disputes on material facts render summary judgment on Kohne's counterclaim for fraudulent inducement inappropriate, and summary judgment is accordingly denied.

*3. Negligent Misrepresentation*

Because Philadelphia's motion for summary judgment does not address Kohne's counterclaim for negligent misrepresentation, Philadelphia has failed to meet its burden of demonstrating it is entitled to judgment as a matter of law. Philadelphia's motion for summary judgment is therefore denied.

 To prevail on her own motion for summary judgment, Kohne must prove that: 1) the Budget representative made a false statement to Amuchienwa concerning a material fact; 2) in the exercise of reasonable care under the circumstances, the representative was negligent in making the statement because it should have known the statement was false; 3) the representative intended that Amuchienwa would rely on the false statement; 4) Amuchienwa reasonably and justifiably relied on the false statement; and 5) he suffered damages as a result. *Chandler v. Van Dyke Farm Homeowners,* 2003 WL 21639021, *2 (Fla.Cir.Ct.2003) (citing *Standard Jury Instructions–Civil Cases,* 777 So.2d 378, 381 (Fla.2000)).

Again, at the very least, there are factual issues concerning the third and fourth elements, as described in the preceding section. Kohne's motion for summary judgment on the negligent misrepresentation claim is accordingly denied.

### III. CONCLUSION

The Court finds genuine issues of material fact that would justify bringing Kohne's counterclaims for fraudulent inducement and negligent misrepresentation to trial. Based on the foregoing discussion and upon careful consideration of the record and all relevant law, the Court rules as follows:

It is **ORDERED** and **ADJUDGED** that:

1. Defendant Margaret Kohne's Motion for Partial Summary Judgment (Doc. 50, filed 4 June 2003), is **DENIED;**

2. Plaintiff Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (Doc. 65, filed 8 July 2003), is **GRANTED** as to Philadelphia's action for declaratory judgment and Kohne's counterclaim for breach of contract, and **DENIED** as to the remaining counterclaims;

3. Defendant Margaret Kohne's Motion for Partial Summary Judgment (Doc. 105, filed 30 September 2003), is **DENIED.**

4. Defendant Margaret Kohne's Motion to Strike (Doc. 99, filed 12 September 2003) is **DENIED AS MOOT.**