914 So.2d 1006 (2005)
RAD SOURCE TECHNOLOGIES, INC., a Florida corporation, Appellant,
v.
COLONY NATIONAL INSURANCE COMPANY f/k/a Preferred National Insurance Company, Appellee.
No. 4D04-3023.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
Rehearing Denied December 16, 2005.
*1007 Thomas F. Luken, Fort Lauderdale, for appellant.
Hinda Klein and Alejandro (Alex) Suarez of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee.
MILLER, KAREN M., Associate Judge.
This case concerns an insurance coverage dispute that was resolved in favor of the insurer by final summary judgment. Appellant now appeals from that final order.
Rad Source Technologies, Inc. ("Rad Source") purchased a Commercial General Liability Policy from Colony National Insurance Company ("Colony National") providing coverage from February 3, 2001 through February 3, 2002. The policy provided $1,000,000 in general liability coverage.
Rad Source sold a blood irradiation machine to the University of Illinois ("University"). The irradiation unit was damaged in transit and as a result, the University sued Rad Source. Colony National refused to defend the claim based on the exclusionary clauses contained in the policy. Rad Source filed the underlying complaint for declaratory relief seeking a determination by the court as to whether Colony National owed Rad Source a duty to defend and/or indemnify with respect to the University's lawsuit.
On motion for summary judgment, the trial court ruled in favor of Colony National finding that the policy exclusions for "Contractual Liability" and "Damage to Your Product" were applicable to the University's claim and therefore Colony National had no duty to defend Rad Source.
Rad Source's claim against Colony National is two-fold. Rad Source seeks to have Colony National defend the University's claim and thereafter, if liability is established, to indemnify the claim. This distinction is important, because a duty to defend claims against an insured is greater than an insurer's duty to indemnify. See First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co., 695 So.2d 475, 476 (Fla. 3d DCA 1997). "All doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured." Grissom v. Commercial Union, 610 So.2d 1299, 1307 (Fla. 1st DCA 1992). An insurer must defend a lawsuit against its insured if the underlying complaint, when fairly read, alleges facts which create potential coverage under the policy. See Int'l Surplus Lines Ins. Co. v. Markham, 580 So.2d 251, 253 (Fla. 2nd DCA 1991). The second claim made by Rad Source is for indemnification. In general terms "any ambiguities in an insurance policy are to be interpreted liberally and in favor of the insured and strictly against the insurer." Roberts v. Fla. Lawyers Mut. Ins., 839 So.2d 843, 845 (Fla. 4th DCA 2003).
According to the terms of the policy, the exclusion language states as follows:
SECTION I  COVERAGES
2. Exclusions
This insurance does not apply to:
b. Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

*1008 (1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract" provided that the "bodily injured" or "property damage" occurs subsequent to the execution of the contract or agreement....
(Emphasis in original).
A review of the policy language excludes "damages by reason of the assumption of liability in a contract or agreement." Colony National fails to point out any language in the purchase order wherein Rad Source assumed liability for property damage to the irradiator during shipment. The purchase order only required the irradiator be delivered F.O.B. Atlanta. As such, Rad Source's delivery point was Atlanta, and upon delivery in Atlanta, the risk of loss passed to the University. See A & M Eng'g Plastics, Inc. v. Energy Sav. Tech. Co., 455 So.2d 1124 (Fla. 4th DCA 1984).
The policy further states:
b. Contractual Liability
This exclusion does not apply to liability for damages:
(1) [t]hat the insured would have in the absence of the contract or agreement.
The purchase order states:
THIS ORDER IS THE COMPLETE AND EXCLUSIVE STATEMENT of the terms of the agreement between the contractor and the University. No other terms and conditions, unless expressly agreed to in writing by the University, will be accepted.
No additional terms or conditions were expressly agreed to by the University. The record indicates that the irradiator was damaged after it was delivered in Atlanta. There remains a disputed issue of material fact as to whether Rad Source fulfilled its obligation under the purchase order by delivering the irradiator in Atlanta. Therefore the trial court erred in granting Colony National's motion for summary judgment based on the "contractual liability" policy exclusion.
The second exclusion relied on by the trial court refers to the "Damage to Your Property" provision of the policy. This exclusion states as follows:
SECTION I  COVERAGES
2. Exclusions
This insurance does not apply to:
k. Damage to Your Product:
"Property damage" to "your product" arising out of it or any part of it.
. . .
SECTION V  DEFINITIONS
20. "Your Product" means:
a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
(1) You;
(2) Others trading under your name; or
(3) A person or organization whose business or assets you have acquired; and
b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
"Your Product" includes:
a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
b. The providing of or failure to provide warnings or instructions.
"Your Product" does not include vending machines or other property rented *1009 to or located for the use of others but not sold.
(Emphasis in original).
The policy excludes `property damage' to `your product' "arising out of it or any part of it." The language "arising out of it or any part of it" limits the scope of the exclusion to situations wherein the product itself is defective. In this case, the University does not allege that the irradiator was defectively manufactured or that a defect within the machine caused the damage. As such, it was error to grant Colony National's motion for summary judgment based on the "your product" policy exclusion.
For the foregoing reasons, we reverse and remand the amended final order.
FARMER and KLEIN, JJ., concur.