LAWSON, J.
 

 Linda Dickson appeals a final summary judgment in favor of her former insurer, Economy Premier Assurance Company (“Economy”), which declared that Economy had no duty to defend Dickson or provide coverage under the general personal liability provisions of the insurance policy that it had issued to Dickson. Dickson owned a Ford Explorer, which was also insured under a motor vehicle liability and property damage section in the same policy. After she disposed of the Explorer and her policy had expired, a subsequent owner of the vehicle was seriously injured when the Explorer’s tire tread separated and caused it to roll over. The injured party sued Dickson for failing to inspect, cure and warn of the defect while she owned the Explorer. Economy defended Dickson under a reservation of rights and filed the underlying declaratory judgment action, asserting that its policy did not provide coverage because the accident did not occur within the policy period.
 
 [1]
 
 The trial court agreed and granted Economy’s motion for summary judgment. Reviewing the matter
 
 de novo,
 

 [2]
 

 we find that the policy did provide coverage, and reverse.
 

 The scope of insurance coverage is defined by the policy language, which is interpreted “in light of the skill and experience of ordinary people, and given [its] everyday meaning.”
 
 Campbell,
 
 998 So.2d at 1158 (quoting
 
 Thomas v. Prudential Prop. & Cas.,
 
 678 So.2d 141, 142 (Fla. 5th DCA 1996)). Clear and unambiguous provisions, whether basic policy provisions or exclusions, should be enforced according to their terms.
 
 Id.
 
 Ambiguous provisions, or those susceptible to two reasonable interpretations — one providing coverage, the other limiting coverage — should be construed liberally in favor of coverage to the insured and strictly against the insurer.
 
 Id.
 
 Likewise, provisions limiting or excluding coverage are construed liberally in favor of the insured and strictly against the insurer.
 
 Id.
 
 Finally, courts should not construe insurance policy provisions in isolation, but instead in light of the policy as a whole, giving every provision its full meaning and operative effect. § 627.419(1), Fla. Stat. (2009);
 
 First Prof'ls Ins. Co. v. McKinney,
 
 973 So.2d 510, 514 (Fla. 1st DCA 2007).
 

 Dickson was sued on the theory that her negligence (during the policy period) resulted in injury to another (outside of the policy period). The portion of Economy’s policy insuring Dickson against personal liability claims first extends broad coverage for personal liability in general terms, and then contains a number of divided sections dealing with specialized liability coverage, including “Motor Vehicle Liability Protection,” “Incidental Business Liability,” “Boaters Liability Protection,” and “Personal Injury Protection.”
 

 The general liability provision “covered” Dickson for all “legal liability result
 
 *791
 
 ing from an occurrence in which there is actual accidental property damage, personal injury or death, anywhere in the world,” and defining “occurrence” as “an event, including continuous or repeated exposure to the same conditions, resulting in personal injury or property damage.... ” As Dickson argues, this general language does not require the injury to occur at the same time as the covered “occurrence” or “event” causing the injury. And, nothing in the policy’s general terms limits coverage to injuries inflicted during the policy period.
 
 Cf. Discover Prop. & Cas. Ins. Co. v. Beach Cars of W. Palm Beach, Inc.,
 
 929 So.2d 729, 733 (Fla. 4th DCA 2006) (“[i]f an insurer wishes to restrict coverage for incidents or circumstances which occur during the policy period, it is free to expressly say so. If it chooses not to, and thereby creates an ambiguity, it cannot later deny coverage claiming it would be exposed to unreasonable risks and absurd results.”).
 

 During the summary judgment hearing below, Economy admitted that the general language in its policy would afford coverage,
 
 [3]
 
 but argued that another provision found in the “Personal Injury Protection” (“PIP”) section of the policy limited the coverage for automobile accidents to injuries “which occur during the policy period.” That provision reads:
 

 The Insurance under this Section applies only to accidents which occur during the policy period:
 

 a. in the State of Florida; and
 

 b. as respects the named insured or a relative, while occupying the insured motor vehicle outside the State of Florida but within the United States of America, its territories or possessions or Canada; and
 

 c. as respects to the named insured, while occupying a motor vehicle of which a relative is the owner and for which security is maintained under the Florida Motor Vehicle No Fault Law, as amended, outside the State of Florida, but within the United States of America, its territories or possessions or Canada.
 

 We reject this argument because it is clear that this provision only applies to the PIP coverage section of the policy, and not to Dickson’s general “legal liability protection.”
 

 First, the policy states that only those exclusions listed in the “Major Exclusions” section apply to all sections of the policy. By contrast, “[ojther restrictions that apply only to particular sections will appear in the section to which they apply.” The provision Economy relies upon appears in the PIP section of the policy and states that it addresses “insurance under this section.”.
 

 Second, the PIP language refers only to “accidents” while the general liability cov
 
 *792
 
 erage applies more broadly to “occurrences.” While the definition of “occurrence” does refer to “accidental” personal injury, it does not use the term “accident,” and is not limited to events which result in physical injury or property damage.
 

 Third, Dickson correctly notes that if the PIP language were applied to her general liability coverage, it would improperly retract coverage granted earlier. For example, the general personal liability provision affords coverage for occurrences “anywhere in the world,” while the PIP language limits coverage to “accidents which occur during the policy period ... in the State of Florida.... ”
 
 See Tire Kingdom, Inc. v. First Southern Ins. Co.,
 
 573 So.2d 885, 887 (Fla. 3d DCA 1990) (“An insurance policy cannot grant rights in one paragraph and then retract the very same right in another paragraph called an ‘exclusion.’ ”).
 

 Agreeing with Dickson that the policy period limitation found in the PIP section of Economy’s policy does not apply to the general liability provisions under which she claimed coverage, we reverse the order on appeal and remand with instructions that judgment be entered in favor of Dickson.
 

 REVERSED and REMANDED.
 

 ORFINGER and JACOBUS, JJ., concur.
 

 [1]
 

 . The injured party eventually dismissed Dickson, with prejudice, from his personal injury lawsuit, without any payment or other settlement from Dickson. The only real controversy remaining is Dickson's entitlement to attorney's fees, under section 627.428, Florida Statutes, for defending Economy’s declaratory judgment suit.
 

 [2]
 

 .
 
 See, e.g., State Farm Fla. Ins. Co. v. Campbell,
 
 998 So.2d 1151, 1153 (Fla. 5th DCA 2008).
 

 [3]
 

 . As already indicated, we agree with the position taken by Economy below — that the general language in its policy does extend coverage for Dickson’s alleged negligence during the policy period, even where her negligence results in injury or damage outside of the policy period. At best, the general language is ambiguous as to this point, and any ambiguity would have to be resolved in favor of Dickson.
 
 Campbell,
 
 998 So.2d at 1153. On appeal, Economy argues that the general language in its policy does
 
 not
 
 afford coverage. Even if Economy's position on appeal had some merit, Economy would be bound by its concession to the trial court on this point.
 
 See, e.g., Harper ex rel. Daley v. Toler,
 
 884 So.2d 1124, 1135 (Fla. 2d DCA 2004) ("a party may not ordinarily take one position in proceedings at the trial level and then take an inconsistent position on appeal");
 
 see also Reserve Ins. Co. v. Pollock,
 
 270 So.2d 469, 469 (Fla. 3d DCA 1972) (holding that insurer who admitted liability under insurance policy was “estopped from taking an inconsistent position" on appeal).