PER CURIAM.
We conclude that the judge of compensation claims erred in determining that insurance coverage exists under the doctrine of promissory estoppel. It is true that the insurance carrier failed to respond to the employer’s request to add Florida to the list of covered states, but the carrier never made any representation to the employer that it would provide coverage for accidents occurring in Florida. Promissory estoppel requires proof that one party relied to his detriment on an affirmative representation made by another. See Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla.1987). It cannot apply in a case such as this where one party has made an assumption based on the other party’s failure to act. Because this issue is disposi-tive, we need not address the remaining points in the appeal and cross-appeal.
Reversed.
KAHN, WEBSTER and PADOVANO, JJ., Concur.