900 So.2d 694 (2005)
T.H.E. INSURANCE COMPANY, Appellant,
v.
DOLLAR RENT-A-CAR SYSTEMS, INC., et al., Appellee.
No. 5D04-1511.
District Court of Appeal of Florida, Fifth District.
April 22, 2005.
Walter A. Ketcham, Jr., Jack E. Holt, III, and Ramon Vazquez of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellant.
Terence R. Perkins and Robert F. Stepniak of Smith, Hood, Perkins, Loucks Stout, Bigman, Lane & Brock, P.A., Daytona Beach, for Appellee Sean McGrath.
E. Peyton Hodges, Billie L. Bellamy and G. Yates Rumbley of Cameron, Hodges, Coleman, Lapointe & Wright, P.A., Orlando, for Appellee Dollar Rent-A-Car Systems, Inc.
*695 PETERSON, J.
T.H.E. Insurance Company, ("T.H.E."), appeals a summary final judgment finding that its supplemental liability policy issued by its agent, Dollar Rent-A-Car, ("Dollar"), to Sean McGrath, provided liability coverage to McGrath, notwithstanding an exclusion from coverage for driving under the influence of alcohol.
McGrath rented a vehicle from Dollar and elected to purchase supplemental liability insurance, ("SLI"), provided by T.H.E. This SLI coverage is optional and beyond the Florida minimum statutorily mandated liability limits.[1]
The terms of McGrath's rental agreement with Dollar provide in pertinent part that:
THE VEHICLE MAY NOT BE USED . . . WHILE THE DRIVER IS UNDER THE INFLUENCE OF ALCOHOL OR DRUGS . . . . ANY PROHIBITED USE OF THE VEHICLE VIOLATES THE AGREEMENT AND VOIDS OR DEPRIVES YOU OF BENEFITS, PROTECTION AND OPTIONAL COVERAGES, IF ANY, TO WHICH YOU WOULD HAVE OTHERWISE BEEN ENTITLED UNDER THIS AGREEMENT. . . .
(capitalization provided). According to the terms of the rental agreement, when McGrath signed the agreement, he is deemed to have "acknowledge[d] and underst[oo]d SLI [would be] void if [he] violate[d] the terms of the [rental] agreement."
While McGrath operated the rented vehicle, he was involved in an accident that resulted in the death of his fiancée. The personal representative of the decedent initiated an action against McGrath and when McGrath sought coverage from T.H.E., the latter denied coverage alleging that McGrath was intoxicated at the time of the accident, thereby violating the terms of the rental agreement and voiding the SLI coverage.
T.H.E. sought declaratory relief, as did McGrath by counterclaim. The trial court granted summary judgment in which it found coverage for two reasons: (1) section 627.421, Florida Statutes (2004), required T.H.E. to deliver a copy of its SLI insurance policy to McGrath within sixty days after issuance, and T.H.E. failed to make the required delivery because the rental agreement did not constitute "terms of insurance;" and (2) the exclusion of coverage for driving while intoxicated violates public policy as established in P & H Vehicle Rental and Leasing Corp. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982).

Section 627.421 (1)  Delivery of Copy of Policy
We disagree with the trial court that T.H.E.'s failure to deliver a copy of the SLI policy to McGrath invalidated the exclusion for intoxicated drivers. We view the statutory requirement as one calculated to give notice of exclusions to the person renting a motor vehicle and this was accomplished by placing the notice in large print, in plain language, in the rental agreement signed by McGrath. The rental agreement was calculated to provide notice of the intoxication exclusion before McGrath took delivery of the motor vehicle under a short-term rental agreement, rather than receiving notice of it within sixty days after renting the vehicle, and, in this instance, after the tragic accident occurred.
Notwithstanding the terms of the agreement, McGrath argues that exclusions in car rental agreements are insufficient, citing to ZC Insur. Co. v. Brooks, *696 847 So.2d 547 (Fla. 4th DCA 2003). ZC Insur. Co. held that an exclusion in SLI coverage is not binding when a general statement in the car rental agreement provides that coverage "is subject to other specific exclusions which are summarized in the separate SLI brochure, which is available at the rental counter." That general statement with no description of a specific exclusion and directing a renter to a brochure located on a counter is not comparable to the statement in the instant case that provides notice of a specific exclusion in large print and in plain language.
Although section 627.421 requires delivery of a copy of an automobile policy within sixty days after the effectual date, no sanction or penalty for noncompliance is prescribed. The trial court's remedy of eliminating policy exclusions seems harsh in view of T.H.E.'s placement of the notice of the alcohol impairment exclusion in the rental agreement, the most conspicuous document available at any time during the inception of the rental transaction, in view of the short duration of the rental term, and in view of the occurrence of the accident weeks before delivery of the policy was mandated.
Prejudice to the insured should be considered when imposing any sanction for failure to deliver a policy of insurance as required by section 627.421. McGrath cannot show that he was prejudiced by the failure to receive his insurance policy prior to the accident when he was provided with notice of the alcohol impairment exclusion in the rental agreement signed by and delivered to him before he obtained possession of the rented vehicle.

Public Policy
The trial court relied upon P & H Vehicle Rental and Leasing Corp. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982), to void the alcoholic impairment exclusion of the SLI insurance policy because it violates public policy. However, P & H Vehicle Rental and Leasing Corp. v. Garner dealt with primary liability insurance coverage, whereas the instant case involves excess liability insurance coverage. We consider this to be an important distinction when considering public policy. The Florida Legislature declared it to be the public policy of this state that owners and operators of motor vehicles carry primary liability insurance coverage when it passed the Financial Responsibility Laws requiring each motorist to have minimum liability insurance coverage regardless of fault. See §§ 324.011; 324.021; 324.022, Fla. Stat. (2004). However, the statutes do not mandate that supplemental liability insurance coverage be obtained once the statutorily mandated minimum level of insurance has been met. Additionally, no Florida statute exists which precludes an exclusion for coverage in an excess or supplemental liability policy when the driver of the vehicle is intoxicated. We find persuasive T.H.E.'s argument that public policy dictates against mandating excess liability insurance coverage when an exclusion for losses that stem from intoxication is clearly spelled out. See, e.g., Hrynkiw v. Allstate Floridian Insur. Co., 844 So.2d 739, 742 (Fla. 5th DCA 2003) (recognizing that "public policy against insuring for losses resulting from intentional or criminal acts is usually justified by the assumption that such acts would be encouraged, or at least not dissuaded, if insurance were available to shift the financial burden of the loss from the wrongdoer to the insurer").
We vacate the summary final judgment finding coverage notwithstanding the alcohol impairment exclusion and remand for further proceedings to determine whether *697 McGrath was impaired at the time of the accident.
REVERSED AND REMANDED.
SAWAYA, C.J., and THOMPSON, J., concur.
NOTES
[1] See generally §§ 324.021(9)(a)2; 627.7263(1), Fla. Stat. (2004).