STEVENSON, J.
The appellants, Albert J. Prieto and Manor Development, Inc. (“Manor”), appeal from a final judgment entered against them in the amount of $228,690. The final judgment finds Manor liable for breach of a contract it entered into with the appellee, Smook, Inc. (“Smook”). We affirm the finding as to Manor’s liability without comment. Prieto’s individual liability is based solely on a finding of fraudulent inducement for statements he made prior to execution of the contract. Because the record contains no evidence that Prieto made a false statement, the finding of liability as to Prieto is reversed.
On June 23, 2006, Manor entered into a promissory note with Smook, as the lender, for the principal sum of $175,000. Prieto was Manor’s president. The note indicates that the interest rate was 30% per year. On July 27, 2007, the appellants and Smook entered into an addendum, under which they agreed to reduce the interest rate to 18% per year, compounded monthly, to apply retroactively to the date of execution of the note. Smook subsequently submitted a letter to the appellants acknowledging that a usurious rate was “mistakenly” charged. When Manor failed to repay the loan, Smook filed its complaint which alleged, in relevant part, fraud in the inducement by Manor and Prieto. Smook alleged that Prieto made misrepresentations that he had superior knowledge of the law gained from his positions as a police officer in the economic crimes division and a licensed mortgage broker. According to the complaint, Prie-to falsely represented to Smook that 30% was a legal interest rate and that he would repay the loan.
After hearing evidence from the parties, the trial court found Prieto personally liable for fraudulent inducement based on misrepresentations he made to Smook. A trial court’s factual findings must be supported by competent, substantial evidence in the record. See Crawford Residences, LLC v. Banco Popular N. Am., 88 So.3d 1017, 1019 (Fla. 2d DCA 2012). The elements of a claim for fraudulent inducement are: “ ‘(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another’s reliance; and (4) the other party justifiably relied on the false statement to its detriment.’ ” Shakespeare Found., Inc. v. Jackson, 61 So.3d 1194, 1199 n. 1 (Fla. 1st DCA) (quoting Rose v. ADT Sec. Sens., Inc., 989 So.2d 1244, 1247 (Fla. 1st DCA 2008)), review granted, 74 So.3d 1083 (Fla.2011).
The record contains no testimony or documentary evidence that Prieto ever represented that 30% was a legal interest rate. The only evidence of any false statement made by Prieto was his promise to pay back the loan. Generally, the false statement of material fact necessary to establish fraud must concern a past or existing fact. See Gemini Investors III, L.P. v. Nunez, 78 So.3d 94, 97 (Fla. 3d DCA 2012). However, “if the plaintiff can demonstrate that the person promising fu *918 ture action does so with no intention of performing or with a positive intention not to perform, such a promise may also constitute a fraudulent misrepresentation.” Mejia v. Jurich, 781 So.2d 1175,1177 (Fla. 3d DCA 2001). The evidence does not meet this standard since there is no indication that Prieto did not intend to pay back the loan at the time he promised to pay. See Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc., 903 So.2d 251, 255 (Fla. 3d DCA 2005) (“[A] mere promise not performed, ... by itself, cannot form the predicate for actionable fraud”). As the only basis of Prieto’s individual liability was based on the finding of fraudulent inducement, the final judgment, as to Prie-to, must be reversed.

Affirmed in part, reversed in part.

HAZOURI and GERBER, JJ., concur.