[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13818
_____

D.C. Docket No. 1:12-cv-20857-JG

JUANA ALEMAN, a Florida resident, as Assignee of
Joanglia Howard, individually and as Personal
Representative of the Estate of Jasper Tyrone Howard,
deceased,
f.k.a. Juana Montalvo,

Plaintiff - Counter
Defendant - Appellant,

versus

ACE AMERICAN INSURANCE COMPANY,
a Pennsylvania corporation,

Defendant - Counter
Claimant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2014)

Before WILSON and JORDAN, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

Following a de novo review of the record, *see Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002), and with the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of Ace American Insurance Company.

We reject Ms. Aleman's contention that the Ace Policy provided primary coverage and was therefore subject to Florida's financial responsibility law, Fla. Stat. § 324.021. The operative complaint and the parties' joint status report stipulated that the Budget Policy served this function and that the Ace Policy merely provided excess coverage. The district court denied Ms. Aleman leave to amend her complaint and the joint status report to assert that the Ace Policy also provided primary coverage, and Ms. Aleman acknowledged at oral argument that she did not appeal the denial of leave to amend.

Even if the issue were properly before us, the language of the Ace Policy provides sufficient notice that the policy afforded excess rather than primary coverage. Because Ms. Aleman was entitled only to excess coverage under the Ace Policy, Florida's public policy requiring primary financial responsibility

---

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the District of Columbia, sitting by designation.

2

coverage for accidents involving unauthorized drivers does not apply here. *See Ins. Co. of N. Am. v. Avis Rent-A-Car Sys., Inc.*, 348 So. 2d 1149, 1154 (Fla. 1977) (explaining that "[t]he underlying policy of the [financial responsibility] statute is satisfied once the law's minimum financial protection is provided to injured members of the public").

We likewise find unpersuasive Ms. Aleman's argument that Ace cannot rely on the unauthorized driver exclusion because the Ace Policy was not delivered within 60 days of its effective date, as required under Fla. Stat. § 627.421. Untimely delivery of a rental policy does not invalidate an exclusion where notice of the exclusion appears "in large print, in plain language, in the rental agreement" and the insured cannot show prejudice stemming from the insurer's failure to deliver. *See T.H.E. Ins. Co. v. Dollar Rent-A-Car Sys., Inc.*, 900 So. 2d 694, 695-96 (Fla. 5th DCA 2005).

The Rental Agreement references the unauthorized driver exclusion explicitly and in all capital letters. *See* D.E. 18-2 ¶ 14 ("A VIOLATION OF THIS PARAGRAPH, WHICH INCLUDES USE OF THE CAR BY AN UNAUTHORIZED DRIVER, WILL AUTOMATICALLY TERMINATE YOUR RENTAL, VOID ALL LIABILITY PROTECTION AND ANY OPTIONAL SERVICES THAT YOU HAVE ACCEPTED, INCLUDING SUPPLEMENTAL LIABILITY INSURANCE...."). It goes on to clarify that, as relevant here, the

driver "must be at least 25 years old and must be a capable and validly licensed driver." *Id.* at ¶ 15. This language was sufficiently conspicuous and comprehensible to provide notice of the terms of the Ace Policy. Moreover, the underlying accident occurred mere days after the car was rented and insurance was purchased, and long before the close of the 60-day delivery period, and Ms. Aleman has identified no prejudice resulting from Ace's failure to deliver the policy. *See T.H.E. Ins. Co.*, 900 So. 2d at 695.

Because the Ace Policy is not subject to Florida's financial responsibility law, and Ace's failure to deliver the policy was harmless, the district court's grant of summary judgment is affirmed.

**AFFIRMED.**