[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13082
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cv-00726-CEM-DAB

MIKE WOODS,

Plaintiff-Counter -
Defendant Appellant,

versus

ON BALDWIN POND, LLC,
a Florida Limited Liability Company,
DANIEL PELLI,
individually,

Defendants-Counter -
Claimants Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 31, 2015)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Mike Woods worked as a maintenance person at an apartment complex owned by On Baldwin Pond, LLC (OBP). Woods lived in the same complex and received a partial discount on his rent in exchange for his services. The parties signed at least two lease agreements over the years, which clarified in addenda that the discounted rent was conditioned upon Woods' continued employment with OBP. In January 2013, Woods successfully interviewed for a new job with a new employer. Soon after the interview, Woods requested a new lease agreement from OBP but failed to disclose his new employment. Unaware that Woods intended to leave his job at the apartment complex, OBP accommodated his request and the parties executed a new agreement. Like the previous leases, the new lease provided for a discounted rate of rent. Unlike the previous leases, it did not include an addendum explicitly conditioning the discounted rate upon Woods' employment with OBP. Within days of executing that lease, Woods quit his job with OBP.

Woods brought a lawsuit against OBP and its sole owner, Daniel Pelli, asserting claims that are irrelevant to this appeal. In their answer, OBP and Pelli asserted a counterclaim for fraudulent inducement under Florida law, alleging that Woods induced OBP to enter the new lease agreement by representing that he

2

would continue working at the apartment complex.  Over the course of the litigation, Woods filed various dispositive motions with respect to the counterclaim, including a motion for summary judgment before trial, a motion for judgment as a matter of law at the conclusion of the defendants' case-in-chief, and a renewed motion for judgment as a matter of law after the trial.  The district court denied each of those motions and, over Woods' objections, instructed the jury on the fraud claim.  The jury ultimately found Woods liable for fraud and awarded $2,000.06 in damages to OBP and Pelli.  Woods appealed.

Woods first contends that the district court misunderstood and misstated Florida law regarding fraudulent inducement, which caused it to wrongly deny his dispositive motions and to incorrectly instruct the jury.  We review de novo the district court's grant or denial of summary judgment or judgment as a matter of law.  Shukla v. BP Exploration & Oil, Inc., 115 F.3d 849, 851 (11th Cir. 1997).  We also review de novo the district court's instructions to the jury "to determine whether they misstate[d] the law."  State Farm Fire & Cas. Co. v. Silver Star Health & Rehab, 739 F.3d 579, 585 (11th Cir. 2013) (quotations omitted).

To establish fraud generally under Florida law, one must show, among other things, that the alleged defrauder made "a false statement of material fact."  Prieto v. Smook, Inc., 97 So. 3d 916, 917 (Fla. 4th DCA 2012) (quotations omitted).  Focusing on that element, Woods claims that he never affirmatively stated that he

3

intended to continue working for OBP when they executed the new lease agreement, but instead merely failed to mention that he was pursuing other employment. He argues that an omission cannot support a fraudulent inducement claim under Florida law. He is wrong. "Florida law recognizes that fraud can occur by omission." ZC Ins. Co. v. Brooks, 847 So. 2d 547, 551 (Fla. 4th DCA 2003); see also Berg v. Capo, 994 So. 2d 322, 327 (Fla. 3d DCA 2007) ("Fraud may be established by either an intentional misrepresentation or omission of a material fact."). Because the district court correctly stated and applied that rule, it did not err in denying Woods' dispositive motions or instructing the jury.

Woods next contends that the defendants' counterclaim did not satisfy our pleading standards. He argues that the defendants alleged only that Woods made an affirmative misrepresentation, which did not put him on notice that they would attempt to show fraud by omission or concealment. He asserts that the district court effectively amended the defendants' pleadings by construing their claim for fraudulent inducement as a claim for fraudulent omission or concealment, which prejudiced his ability to establish a defense. He is wrong again. To begin with, Florida law does not recognize a stark distinction between fraud by commission and fraud by omission. As the Florida Supreme Court has explained, "[W]here failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative representations is tenuous."

4

Johnson v. Davis, 480 So. 2d 625, 628 (Fla. 1985).  That is because "[b]oth proceed from the same motives and are attended with the same consequences; both are violative of the principles of fair dealings and good faith; both are calculated to produce the same result; and, in fact, both essentially have the same effect."  Id.

The defendants' pleadings alleged that Woods "fraudulently induced [them] into issuing a new lease agreement."  Although their factual allegations suggested that Woods affirmatively misrepresented his intention to continue working at the apartment complex, the defendants' pleadings fairly apprised Woods of their claim.  That is sufficient under our system of notice pleading.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985) ("Under notice pleading the complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quotations omitted); see also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (noting that Federal Rule of Civil Procedure 9(b), which requires a party to plead fraud with particularity, "must not abrogate the concept of notice pleading") (quotations omitted).  In short, the defendants adequately pleaded a claim for fraudulent inducement, in the form of fraud by omission, and the district court did not amend their counterclaim by construing it as such.

**AFFIRMED.**

5