[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15521
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02526-SDM-MAP

CECELIA N. KING,

Plaintiff - Appellant,

versus

JENNIFER BENCIE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 25, 2018)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Cecelia King, proceeding *pro se*, filed suit alleging common law fraud under Florida law against Jennifer Bencie, the Administrator of the Florida Department of Health, Manatee.[1]  The case concerns Bencie's offer of $100,000 per year to King to develop an indigent-care plan for Manatee County.  Specifically, King alleges that Bencie made false statements and fraudulent misrepresentations in recruiting King to develop the plan by stating that Bencie could "make [the employment at a $100,000 salary] happen tomorrow under OPS" (*i.e.*, a particular hiring classification).

King now appeals the district court's decision to grant Bencie's motion for summary judgment, contending (1) that the district court misapplied Florida's economic-loss rule and (2) that genuine issues of material fact remain.  We agree that the district court misapplied Florida's economic-loss rule but nevertheless affirm because the court correctly held that the record contains no genuine dispute of material fact.

## I

We review *de novo* the district court's decision to grant Bencie's motion for summary judgment.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, presents no genuine dispute as to any material

---

[1] Bencie removed the case to federal court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

fact and compels judgment as a matter of law in favor of the movant.

Fed. R. Civ. P. 56(a); *Holloman*, 443 F.3d at 836.  We may affirm the judgment of

the district court on any ground supported by the record, regardless of the grounds

addressed, adopted, or rejected by the district court. *Walker v. Elmore Cty. Bd. of*

*Educ.*, 379 F.3d 1249, 1250 n.3 (11th Cir. 2004).

Where, as here, the nonmovant bears the burden of persuasion at trial, the

movant, in order to prevail at summary judgment, "has the burden of either

negating an essential element of the nonmoving party's case or showing that there

is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v.*

*Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013).  "If the

moving party shows an absence of evidence of a material fact, the burden of

production shifts to the nonmoving party, who must identify evidence in the record

or present additional evidence sufficient to withstand a directed verdict motion at

trial based on the alleged evidentiary deficiency." *Id.* (internal quotation marks

omitted).

## II

We first address King's contention that the district court misapplied

Florida's economic-loss rule.  The district court—citing to the Florida Supreme

Court's decision in *HTP, Ltd. v. Lineas Aereas Costariccenses, S.A.*, 685 So. 2d

1238, 1239 (Fla. 1996)—held that "Florida's economic-loss rule prohibits [King's]

3

fraud claim." Where the economic-loss rule applies, it "sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 401 (Fla. 2013).

Though the economic-loss rule does preclude tort actions in some circumstances, it is clear that, at least under Florida law, this is not one of them. In 2013, "reced[ing] from [its] prior rulings" to the contrary, the Florida Supreme Court held "that the economic loss rule applies only in the products liability context." *Id.* at 407.

It may be true, as the district court recognized, that King must still allege a tort "independent from a purported breach of contract." We have acknowledged that "*Tiara* may . . . have left intact [this] separate hurdle." *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014) (citing *Tiara*, 110 So. 3d at 408 (Pariente, J., concurring)). Florida law, however, is still "somewhat unsettled in this area." *Id.* In any event, because—as explained below—the district court correctly found that no genuine dispute of material fact remains, we need not speculate on the precise boundaries of tort and contract actions under Florida law.

## III

We next address whether the district court correctly held that the "record reveals no genuine dispute of material fact." Although we must draw all

reasonable inferences in King's favor, "[a] genuine dispute requires more than some metaphysical doubt as to the material facts." *Hammett v. Paulding Cty.*, 875 F.3d 1036, 1048–49 (11th Cir. 2017) (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" that supports King will not preclude summary judgment; a "genuine dispute requires that the evidence is such that a reasonable jury could find" in her favor. *Id.* at 1049 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

King's fraud claim requires that she prove "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (quotation marks and emphasis omitted). The false statement of material fact must generally go to a "past or existing fact." *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. Dist. Ct. App. 2012). Forward-looking statements can constitute fraud only "if the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform." *Id.* at 917–18 (quotation marks omitted).

The district court held that the record contains no genuine dispute of material fact because the "unrebutted affidavits of [Assistant Director of FDOH, Manatee] Eddie Rodriguez and Bencie evidence the truth of Bencie's statement

5

that she could hire King 'tomorrow' as an 'OPS' employee with a $100,000 salary."  Moreover, the court noted that "no evidence shows or suggests a 'knowing' falsehood or omission by Bencie."  We agree.  King does not point to any evidence in the record from which one could reasonably infer that Bencie made the statement "with no intention of performing or with a positive intention not to perform."  *See Prieto*, 97 So. 3d at 918.  In fact, the opposite inference is warranted; as King herself admitted in her deposition, Bencie worked with Rodriguez and other FDOH employees in order to seek funding so that King could be fully compensated.  That these efforts were ultimately unsuccessful, at most, evinces "a mere promise not performed" that, without more, "cannot form the basis of actionable fraud" under Florida law.  *Biscayne Inv. Grp., Ltd. v. Guar. Mgmt. Servs. Inc.*, 903 So. 2d 251, 253 (Fla. Dist. Ct. App. 2005).

To be sure, we have acknowledged that summary judgment is generally inappropriate where the underlying issue is one of motivation or intent, as these issues often turn on credibility determinations that should be resolved by a jury. *See McGee*, 719 F.3d at 1243 (citing *Slavin v. Curry*, 574 F.2d 1256, 1267 (5th Cir. 1978)).  But the rule is not absolute, particularly where, as here, the record is devoid of indicia of fraudulent intent.  *See id.* (affirming a grant of a motion for summary judgment because the record contained "absolutely no evidence" of a "specific intent to deceive," a necessary element of the nonmovant's claim).

6

**AFFIRMED.**